IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALMA FAYE WARD, Individually and as Personal Representative of the Estate of BRUCE WARD 8202 Ginger Pine Way Tampa, Florida 33647 | * * * | |
| Plaintiff | * | |
| v. | * | |
| DAVID T. WALKER, M.D. 6507 Deere Pointe Drive Salisbury, Maryland 21804 | * * | |
| and | * | |
| MID-ATLANTIC SURGICAL GROUP, P.A. 6507 Deere Pointe Drive Salisbury, Maryland 21804 | * * * | Civil Action No. |
| Serve on Walter P. Lischick, M.D., Resident Agent | * | |
| and | * | |
| PENINSULA REGIONAL MEDICAL CENTER 100 East Carroll Street Salisbury, Maryland 21801 | * * * | |
| Serve on Daniel J. Mulvanny, Resident Agent | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Alma Faye Ward, Individually and as Personal Representative of the Estate of

Bruce Ward by their attorneys, Paul D. Bekman, Wendy L. Shiff, and Salsbury, Clements, Bekman, Marder and Adkins, L.L.C., files this Statement of Claim against Health Care Providers, David T. Walker, M.D., Mid-Atlantic Surgical Group, P.A., and Peninsula Regional Medical Center and states as follows:

1. This case was originally filed in the Health Care Alternative Dispute Resolution Office. Plaintiffs elected to waive arbitration. Copy of Election to Waive Arbitration is attached as Exhibit A.

2. The venue for this claim is proper in Federal Court and may be proper elsewhere.

3. That at all times hereinafter set forth, the Defendant, Peninsula Regional Medical Center owned and operated a medical facility offering medical and other related services to the general public and in such capacity such hospital, its agents, servants and/or employees, medical staff, nurses and consultants held themselves out as practicing ordinary standards of medical care and as such owed a duty to the Plaintiffs' Decedent to render and provide health care within the ordinary standards of medical care and to exercise reasonable skill and care in the selection of its personnel in order to provide competent physicians, nurses and other medical personnel.

4. That at all times hereinafter set forth, the Defendant, David T. Walker, M.D., held himself out to the Plaintiffs' Decedent and to the general public as an experienced, competent, and able physician and health care provider, possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of general surgery and as such owed a duty to the Plaintiffs' Decedent to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of general surgery.

2

5. That at all relevant times hereinafter set forth, Defendant, David T. Walker, M.D., was the agent, servant or employee of Defendant, Mid-Atlantic Surgical Group, P.A.

6. Alma Faye Ward is the surviving spouse of Bruce Ward. She is the Personal Representative of the Estate of Bruce Ward. She is a citizen of the State of Florida.

7. On October 19, 2006, Bruce Ward underwent laparoscopic ventral hernia repair at Peninsula Regional Medical Center. Dr. David Walker performed the surgery.

8. The surgery was scheduled as a 23 hour stay.

9. Mr. Ward experienced significant abdominal pain following the surgery. Dr. Walker arranged for his inpatient admission to the hospital on October 20, 2006. Mr. Ward's blood pressure was low for him. His decreased urine output and inability to void necessitated the use of a catheter. His oxygen saturation decreased to 85% and he required a nasal cannula. In the afternoon, his abdomen was noted to be distended.

10. By October 21, 2006, Mr. Ward had developed a fever. The fever was attributed to atelactasis; however, no chest x-ray was ordered to confirm. Mr. Ward was nauseous and could not eat. He was not voiding. The severity of the pain was increasing. Dr. Walker ordered that he be out of bed and try full liquids.

11. At 4:30 a.m. on October 22, 2006, Mr. Ward's blood pressure was down to 73/51. He was short of breath. His abdomen was distended. Dr. Walker ordered a CT scan that showed intraabdominal fluid and free air. Dr. Walker considered a myocardial infarction, pulmonary embolus and sepsis in his impression. He arranged to transfer Mr. Ward to the intensive care unit.

12. Following a cardiology consult, Dr. Walker ruled out a myocardial infarction. Dr.

Walker ordered a chest CT to rule out a pulmonary embolus.

13. At 6:30 a.m., Dr. Walker ruled out a pulmonary embolus. With a positive shift in Mr. Ward's white blood count, his acidosis and hypotension, Dr. Walker concluded that he was probably in septic shock from a bowel perforation. He decided to proceed with an exploratory laparotomy.

14. During surgery, Dr. Walker observed that the bowel was perforated. The previous hernia sac was found to contain grossly contaminated enteric contents. The mesh was opened and his abdomen was found to be full of succus entericus with contamination.

15. Mr. Ward remained in a coma for more than one week following the exploratory laparotomy. He stayed in the Intensive Care Unit for approximately 2 months being treated for multiple infections. He has an open wound. He has developed multiple bowel fistulas.

16. Mr. Ward remains hospitalized through February 2007. He is moved to the Transitional Care Unit.

17. In May 2007, Mr. Ward is discharged with an open wound. He requires round-the-clock medical attention.

18. Mr. Ward continues to undergo treatment for his infected abdomen. He has surgery at the University of Maryland to repair the fistulas on August 28, 2007. His condition continued to decline. He died as a result of multiple organ failure due to sepsis on February 19, 2008.

19. The Defendants, were negligent and careless, in that they failed:

    a. to recognize the early signs of a bowel perforation;

    b to order laboratory and radiology studies to evaluate Mr. Ward on October

20 or 21, 2006;

  c. to consider that Mr. Ward was becoming septic on October 20 or 21, 2006;

  d. to fail to perform an exploratory laparotomy prior to the time he went into septic shock on October 22, 2006; and

  e. to act appropriately in other ways.

20. That as a result of the negligence and carelessness of the Defendants, Bruce Ward died. Plaintiff, Alma Faye Ward, has suffered severe mental anguish and emotional pain and suffering, pecuniary loss, has lost and been deprived of the society, companionship, comfort, care, attention, advice, counsel, services and support which the Decedent could have and would have afforded and rendered had he continued to live.

21. That by reasons of the negligence of the Defendants which culminated in the death of the Decedent, a cause of action has accrued in accordance with the Annotated Code of Maryland, Courts and Judicial Proceedings, Section 3-901, et. seq., to the Plaintiff, the surviving spouse of the Decedent, for compensation to her for all of the damages, injuries and losses, past, present and future, which they have sustained, are sustaining and will in the future sustain, all of which are proximately caused by the negligence of said Defendants without any negligence on the part of the Plaintiff or the Decedent thereunto contributing.

WHEREFORE, the Plaintiff, Alma Faye Ward, claims damages against all Defendants in an amount to be determined by a jury.

## COUNT II–SURVIVAL ACTION

22. Plaintiff, Alma Faye Ward, Personal Representative of the Estate of Bruce Ward, adopts and incorporates by reference herein all of the allegations of fact, duty, negligence, injury

and damages, as are more fully set forth in paragraphs 1-21 of this Complaint, and further says that as a result of the negligence and carelessness of the Defendants which culminated in the death of the Decedent, Bruce Ward, Alma Faye Ward was appointed Personal Representative of the Estate of Bruce Ward, and is empowered to commence and prosecute this action as one which the Decedent could have commenced or prosecuted for all of the damages recoverable by him had he lived, and in addition, to recover the funeral and medical expenses and damages for conscious pain and suffering allowed by law.

23. That the Plaintiff, Alma Faye Ward, Personal Representative of the Estate of Bruce Ward, says that all of the injuries, damages and losses complained of were solely caused by the negligence of the Defendants without any negligence on the part of the Plaintiff or the Decedent thereunto contributing.

WHEREFORE, the Plaintiff, Alma Faye Ward, as Personal Representative of the Estate of Bruce Ward, claims damages against all Defendants, in an amount to be determined by a jury.

*Wendy L. Shiff*
PAUL D. BEKMAN
WENDY L. SHIFF
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, Maryland 21201
(410)539-6633

Attorneys for Plaintiff