IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALMA FAYE WARD, Individually and as a Personal Representative of the Estate of BRUCE WARD | * |
| Plaintiff, | * |
| v. | * Civil Action No.: RDB 09-3256 |
| DAVID T. WALKER, M.D., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This medical malpractice action arises out of Plaintiff Alma Faye Ward's complaint against Defendants Dr. David T. Walker, Mid-Atlantic Surgical Group, P.A., and Peninsula Regional Medical Center. Alma Ward asserts two claims against the Defendants: a wrongful death action as the personal representative of the estate of her deceased husband, Bruce Ward, and a survival action for the pain and suffering Bruce Ward experienced before his death. Currently pending before this court are Motions to Dismiss filed by Defendants Dr. Walker and Mid-Atlantic (Paper No. 4) and Defendant Peninsula Regional Medical Center (Paper No. 7). The parties have fully briefed the issues involved and presented oral argument at a hearing on July 23, 2010, scheduled by this Court pursuant to Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the Defendants' Motions to Dismiss are GRANTED.

### BACKGROUND

Plaintiff Alma Faye Ward ("Plaintiff," "Mrs. Ward" or "Alma Ward") brings this action on behalf of her husband, Bruce Ward ("Mr. Ward" or "Bruce Ward"), as the personal representative of his estate and his surviving spouse. Mrs. Ward alleges that David T. Walker,

1

M.D. ("Dr. Walker"), Mid-Atlantic Surgical Group, P.A. ("Mid-Atlantic"), and Peninsula Regional Medical Center ("PRMC") (collectively, "Defendants") committed medical malpractice in the treatment and subsequent death of her husband.

On October 19, 2006, Dr. Walker, a surgeon and agent of Mid-Atlantic, performed a surgery called "laparoscopic ventral hernia repair" on Bruce Ward at PRMC. Compl. ¶ 7. Though Mr. Ward was scheduled to stay at PRMC for a total of twenty-three hours, he suffered "significant abdominal pain." *Id.* at 8-9. As a result, Dr. Walker arranged for Mr. Ward to be admitted as an inpatient to PRMC on October 20, 2006. *Id.* at 9. Mr. Ward's health deteriorated from the time he was admitted to PRMC through the morning of October 22. He experienced increasing pain and nausea, developed a fever from atelactasis, suffered from decreasing oxygen saturation, and was unable to void. *Id.* at 9-11. Mr. Ward's abdomen also became distended and he maintained unusually low blood pressure. *Id.* at 9, 11.

On the morning of October 22, Dr. Walker performed an exploratory laparotomy on Mr. Ward and found that his bowel was perforated and that his abdomen contained grossly contaminated enteric contents. *Id.* at 14. He was suffering from septic shock caused by bowel perforation, and was comatose for more than a week after the exploratory laparotomy. *Id.* at 14-15. Mr. Ward remained at PRMC undergoing treatment for his infected abdomen until he was discharged in May of 2007. *Id.* at 17. After his discharge, Mr. Ward continued to require constant medical attention because of an open wound on his body and multiple bowel fistulas, which developed while he was hospitalized at PRMC. *Id.* at 17-18. He had surgery at the University of Maryland to repair his bowel fistulas on August 28, 2007. *Id.* at 18. However, his condition persisted, and on February 19, 2008 Bruce Ward died of multiple organ failure due to sepsis. *Id.*

Plaintiff Alma Ward brings suit against Defendants alleging that they failed to timely diagnose and treat Bruce Ward's bowel perforation and ensuing sepsis. Although the Complaint does not allege any information showing why federal jurisdiction is proper, Plaintiff appears to file suit under federal diversity jurisdiction because she is a Florida citizen. Compl. ¶ 6. Count I of Plaintiff's Complaint is a wrongful death action for Plaintiff's emotional pain and suffering and pecuniary loss resulting from her husband's death. Count II is a survival action for the damages Bruce Ward suffered while he was living, as well as his funeral and medical expenses.

Plaintiff filed her Complaint on December 8, 2009. On January 27, 2010, Defendants Mid-Atlantic and Dr. Walker filed their Motion to Dismiss (Paper No. 4), asking this Court to dismiss Mrs. Ward's complaint for lack of subject matter jurisdiction and failure to join all necessary parties. On February 18, 2010, Defendant PRMC filed its Motion to Dismiss (Paper No. 7), asserting these same grounds for dismissal. On February 24, 2010, Plaintiff filed her Opposition to Defendants' Motion to Dismiss (Paper No. 8). Defendants filed their Reply (Paper No. 10) on March 9, 2010. A hearing was held on the pending motions on July 23, 2010.

STANDARD OF REVIEW

Federal diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and defendants. 28 U.S.C. § 1332(a). For the purposes of a wrongful death action, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). In determining citizenship, a person is a citizen of the state in which he is domiciled, meaning the state he considers his permanent home. *See, e.g.*, *Gilbert v. David*, 235 U.S. 561, 569 (1914). There are two elements that must be shown when a plaintiff alleges establishment of a new domicile: (1) residence in the new domicile, and (2) an intention to remain there. *Mississippi Band of Choctaw Indians v. Holyfield*,

490 U.S. 30, 48 (1989). After a change of residence, the old domicile continues until there is "an intent to create a new home." *Hakkila v. Consolidated Edison Co.*, 745 F. Supp. 988, 990 (S.D.N.Y. 1990).

When a defendant moves to dismiss a complaint for failure to join a party pursuant to Federal Rule of Civil Procedure 12(b)(7), a court conducts a two-step inquiry for applying Rule 19 of the FRCP, which governs joinder of parties. *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, a court determines whether a party is necessary to the action. *Id.* Under Rule 19(a), a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. Pro. 19(a). If the party is necessary but his inclusion in the action would destroy diversity, then the court proceeds to the second part of the inquiry, which requires the court to decide if the party is indispensable under Rule 19(b). *Owens-Illinois*, 186 F.3d at 440. The court considers four factors: (1) the extent a judgment rendered would be prejudicial to the absent or existing parties; (2) whether relief can be shaped to lessen or avoid any prejudice; (3) whether a judgment will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. Fed. R. Civ. Pro. 19(b). If the party is indispensable, meaning the action cannot proceed in that party's absence, then the case must be dismissed. *Owens-Illinois*, 186 F.3d at 440.

ANALYSIS

Defendants Dr. Walker, Mid-Atlantic, and PRMC have moved to dismiss Alma Ward's claims on two bases. First, they argue that the complaint lacks diversity jurisdiction because Alma Ward is a citizen of Maryland in her representative capacity for her husband. Second, they contend that Bruce Ward's daughter, Tammy Ward Kilgore ("Kilgore"), is an indispensable party under Federal Rule of Civil Procedure 19. Kilgore is a Maryland resident; thus if she joins

this action, she destroys the claim's federal diversity jurisdiction. Mrs. Ward concedes, however, that Kilgore has agreed to waive her rights as a wrongful death beneficiary so that she can proceed with this action in federal court.

I.     **Federal Diversity Jurisdiction**

Defendants contend that Bruce Ward was domiciled in Maryland, making Alma Ward a Maryland citizen in her representative capacity for her husband's estate. Defendants proffer evidence of Bruce Ward's Maryland driver's license, hospital records from PRMC listing his Maryland address, and his obituary noting Maryland as his residence. *See* Defs.' Mot. to Dismiss Ex. A, B, D. However, Plaintiff argues that Bruce Ward was domiciled in Florida and substantiates this claim with the following evidence: his Florida driver's license, Florida identification card, and a Florida bank card, as well as letters of administration opening Mr. Ward's estate in Florida and his estate tax returns filed in Florida. *See* Pl.'s Opp'n Ex. A, B, C. Plaintiff also asserted at the motions hearing on July 23, 2010 that prior to his surgery at PRMC Mr. Ward lived more than six months of the year in Florida.[1] Since the record shows that Mr. Ward maintained a residence in Florida, obtained a Florida driver's license, and paid taxes in Florida and not in Maryland, this Court determines that his estate is in Florida. *See, e.g., Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994). Thus Alma Ward, as the representative of her husband's estate, is a Florida resident.

II.    **Failure to Join a Necessary Party**

Alma Ward seeks damages under Maryland's Wrongful Death Act (the "Act" or the "Wrongful Death Act"), Md. Code Ann., Cts. & Jud. Proc. §§ 3-901 *et seq.*, which serves to benefit the wife, husband, parent and child of a decedent. The Act is read in conjunction with

---

[1] There was no dispute at the July 23, 2010 hearing that Bruce Ward had established Florida residence and paid Florida taxes.

Maryland Rule 15-1001, which applies to any action for damages for wrongful death. *Huber v. Balt. & Ohio R.R.*, 241 F. Supp. 646 (D. Md. 1965). Maryland Rule 15-1001 instructs that "all persons who are or may be entitled by law to damages by reason of the wrongful death shall be named as plaintiffs whether or not they join in the action." Md. Rule 15-1001(b). Alma Ward did not name Bruce Ward's daughter, Tammy Ward Kilgore, in her complaint. Defendants claim, therefore, that she has failed to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure.

This Court will analyze Defendants' argument under the two-step approach laid out in *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, this court must determine whether a party who has not been joined is necessary to the action. *Id.* In a nearly identical situation in *Johnson v. Price*, 191 F. Supp. 2d 626, 630 (D. Md. 2001), this Court held that a daughter who was not named in her father's wrongful death action was a necessary party under Rule 19(a). Since Maryland law restricts plaintiffs to a single wrongful death action, this Court reasoned that the decedent's daughter was a real party in interest and her rights needed to be adjudicated. *Id.* at 629; *see also Williams v. Work*, 995 A.2d 744, 755 (Md. Ct. Spec. App. 2002) (holding that a failure to include a beneficiary in a wrongful death action is a defect because the Wrongful Death Act restricts plaintiffs to a single action). Consequently, this Court found that in the daughter's absence any judgment rendered for the plaintiffs would be incomplete. *Johnson*, 191 F. Supp. 2d at 630; *see also Walker v. Essex*, 569 A.2d 645, 648-49 (Md. 1990) (vacating a judgment because one of the decedent's beneficiaries was not joined in the wrongful death action). As in *Johnson*, Alma Ward has excluded from the action a party who is needed for this Court to provide complete relief to all of Bruce Ward's wrongful death beneficiaries. Indeed, if Kilgore were not included, Maryland law would require a subsequent

judgment to be vacated in order to protect her beneficiary rights. *See, e.g., Walker*, 569 A.2d at 648-49. It is clear, therefore, that under Rule 19(a) Kilgore is a necessary party to this action.

### III. Non-Diverse Party and Lack of Complete Diversity

If a party found necessary to an action is non-diverse, then a court advances to the second step in the *Owens-Illinois* inquiry to determine whether the action should proceed in that party's absence. 186 F.3d at 440. Faced with the problem of a non-diverse, necessary party, this Court in *Johnson* held that the decedent's daughter had to be joined as a plaintiff even though her inclusion would destroy diversity. 191 F. Supp. 2d at 630. Without the daughter's inclusion, this Court determined that any judgment for the plaintiffs would be prejudicial to the existing parties and inadequate under Maryland law, as it obliges a court to "resolve the claims of all potential beneficiaries." *Id.* Similarly, as the decedent's daughter, Tammy Ward Kilgore is an indispensable plaintiff. This Court will not proceed without her because any judgment rendered in her absence would be prejudicial to the existing parties and violate Maryland's Wrongful Death Act and Rule 15-1001. As this Court held in *Johnson*, this Court cannot shape a form of relief for Alma Ward that will lessen the prejudice resulting from Kilgore's absence without "trampling on the long-held Maryland requirement that only one wrongful death action lies for the death of a person." 191 F. Supp. 2d at 630; *see also Walker*, 569 A.2d at 648-49. Since Kilgore's residency destroys diversity and she is a necessary party, this Court cannot "in equity and good conscience" proceed with this action among the existing parties. Fed. R. Civ. Pro. 19(b). Therefore, Alma Ward's complaint must be dismissed.

The Plaintiff argues, however, that diversity jurisdiction exists because Mr. Ward's daughter has waived her right to wrongful death benefits and, therefore, need not be joined in this action. Pl.'s Opp'n 5. This argument is unavailing because issues of subject matter

7

jurisdiction are "non-waivable." *Johnson*, 191 F. Supp. 2d at 630 (citing *State Sec. Ins. Co. v. Frank B. Hall & Co.*, 109 F.R.D. 99, 100 (N.D. Ill. 1986)). In *Johnson*, this Court held that it would not "allow [an indispensable party] to determine, merely by choosing whether or not to execute a waiver, whether the court has diversity jurisdiction." 191 F. Supp. 2d at 630; *see also United States v. Longoria*, 259 F.3d 363, 365 (5th Cir. 2001) (stating the rule that a party cannot manufacture federal jurisdiction by waiver); *Bankston v. Burch*, 27 F.3d 164, 168 (5th Cir. 1994) ("[P]arties may not manufacture diversity jurisdiction by failing to join a non-diverse indispensable party."); *Mahan v. Mahan*, 577 A.2d 70, 75 (Md. 1990) ("Failure to join a necessary party constitutes a defect in the proceedings that cannot be waived by the parties . . . ."). Accordingly, Kilgore may not waive her rights as a beneficiary in this case to maintain federal diversity jurisdiction. Therefore, pursuant to Rule 19(b) of the Federal Rules of Civil Procedure, this case must be dismissed.

**IV.     Wrongful Death Cause of Action**

Plaintiff suggested at the motions hearing held on July 23, 2010 that she would prefer to strike the wrongful death action from her complaint and thereby retain federal diversity jurisdiction to proceed with this action in federal court. However, it is well established that federal diversity jurisdiction is determined by "the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (stating generally the "time of filing" rule). Accordingly, the Supreme Court has rejected parties' attempts to maintain federal diversity jurisdiction by a "postfiling salvage operation" on the complaint. *See id.* (citing *Anderson v. Watt*, 138 U.S. 694, 708 (1891)). In *Anderson*, a plaintiff attempted to save diversity jurisdiction by revoking certain documents that indicated that one of the parties to the suit was not diverse.

8

*See Anderson*, 138 U.S. at 708. Here, Plaintiff's tactics are similar because she seeks to remove a major count in the complaint, the wrongful death action,[2] in order to save diversity jurisdiction and thereby maintain her action in federal court. Because federal jurisdiction is limited and parties are prohibited from manufacturing diversity jurisdiction, this Court denies Plaintiff's attempt to save diversity jurisdiction by removing the wrongful death action from her complaint.

**V.     Defendants' Admission of Plaintiff's Alternate Remedy in State Court**

As the Defendants admit, Alma Ward has an alternate remedy in state court. Defs.' Reply 6. Maryland Rule 2-101(b), also known as the Maryland savings statute, provides that a plaintiff may re-file a claim in state court if a federal district court dismisses the claim for lack of jurisdiction. Md. Rule 2-101(b). As long as the plaintiff files within thirty days of this Court's order of dismissal, she is exempt from any statutes of limitations. Md. Rule 2-101(b); *see also Farmer v. Kavanagh*, 494 F. Supp. 345, 371 n.51 (D. Md. 2007) (stating that Md. Rule 2-101(b) applies when a federal court dismisses a claim for lack of jurisdiction, despite any statutes of limitation that may have run); *Turner v. Kight*, 178 Md. App. 1, 10 (Md. Ct. Spec. App. 2007) (illustrating that under Rule 2-101(b), an "appellant had 30 days from the dismissal of her claim . . . to file her state claim in state court to avoid the state statutory scythe."). Because Defendants readily admit in their memoranda and at the motions hearing that Maryland Rule 2-101(b) applies, they are judicially estopped from later arguing that Mrs. Ward is time-barred from bringing her claims in state court. *See Pegram v. Herdrich*, 530 U.S. 211, 228 (2000) (explaining that judicial estoppel prevents a "party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"); *Lowery v.*

---

[2] Plaintiff's counsel acknowledged at the motions hearing held on July 23, 2010 that in her approximately fifteen years of practice as a plaintiff's attorney in medical malpractice suits, she has only twice brought suits involving a decedent that did not assert a wrongful death cause of action.

*Stovall*, 92 F.3d 219, 223 (4th Cir. 1996) ("Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation . . . to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process.") (citation and internal quotation marks omitted). Thus this Court dismisses Alma Ward's complaint without prejudice and directs her to file her wrongful death and survival actions in Maryland circuit court within thirty days of this order of dismissal.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (Paper Nos. 4 and 7) are GRANTED and Plaintiff's Complaint (Paper No. 1) is DISMISSED WITHOUT PREJUDICE. A separate Order follows.

Dated: July 26, 2010                                /s/_____

　　　　　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge